Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Attorney for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER DUFFY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>HTH COMMUNICATIONS, LLC<br><br>*Defendant.* | Civil Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1.  Peter Duffy ("Plaintiff") brings this class action against HTH Communications, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.  Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**PARTIES**

3. Plaintiff is a natural person who at all relevant times resided in Los Angeles County, CA.

4. Defendant is a limited liability company headquartered in Houston, Harris County, Texas.

5. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**JURISDICTION AND VENUE**

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7. Venue is proper before this Court as Plaintiff resides in this District and a substantial portion of the events giving rise to this action occurred in this District.

8. For example, the Defendant directed and sent its text messages to Plaintiff's cellular telephone in this District.

**INTRODUCTION**

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* §

CLASS ACTION COMPLAINT
-2-

2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**PLAINTIFF'S ALLEGATIONS**

3. Plaintiff since 2021, and throughout the time of the calls at issue, was the subscriber to, and sole regular and customary user of his cellular telephone number—(661) XXX-0212.

4. Plaintiff uses, and at all times used, telephone number (661) XXX-0212 as his personal residential number.

CLASS ACTION COMPLAINT
-3-

5. Plaintiff uses his cellular telephone number for personal use only as one would use a landline telephone number in a home.

6. Plaintiff does not use, and has never used telephone number (661) XXX-0212 for business or commercial purposes.

7. Plaintiff has a separate business cellular telephone number that he uses for business purposes.

8. Plaintiff has never used his cellular telephone number (661) XXX-0212 in any business or marketing materials.

9. Plaintiff registered his number on the National Do Not Call Registry on August 4, 2023, well over 30 days prior to receiving the calls at issue.

10. Plaintiff uses his cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

11. Plaintiff personally pays for his cell phone plan; he is not reimbursed by any business.

12. Starting in September 2024, Plaintiff began to receive text messages from Defendant.

13. Plaintiff received at least ten text messages from Defendant from September 14, 2024 to December 10, 2024.

14. The first six text messages were sent from telephone number (475) 410-6101.

15. The last four text messages were sent from telephone number (833) 897-0139.

16. The content of the text messages including dates and timestamps is provided below:

Sep 14, 2024, 9:12:52 PM Pacific Time: : AirTalk: An iPhone 7 & 10GB of data-FREE! Apply with AirTalk now and make it yours today! Claim here https://airtalk.co/IHEWyh Text STOP 2 Stop. Labels: Text, Inbox, Unread User Deleted: False

Oct 4, 2024, 4:13:48 PM Pacific Time: : Hi Shane Poire, AirTalk here! Your FREE iPhone 8 is waiting. Claim it now before it's gone! Act fast: https://airtalk.co/eYfqJK Text STOP 2 Stop Labels: Text, Inbox, Unread User Deleted: False

Oct 14, 2024, 7:33:07 AM Pacific Time: : Hi Shane, AirTalk's here! Wonder what the top smartphones everyone's loving at AirTalk are? Find out now and claim your top pick today! Your new phone awaits https://airtalk.co/DZiiXV Text STOP 2 Stop. Labels: Text, Inbox, Unread User Deleted: False

Oct 17, 2024, 11:44:35 AM Pacific Time: : Hi Shane, AirTalk's here! Wonder what the top smartphones everyone's loving at AirTalk are? Find out now and claim your top pick today! Your new phone awaits https://airtalk.co/DZiiXV Text STOP 2 Stop. Labels: Text, Inbox, Unread User Deleted: False

Oct 18, 2024, 1:19:49 PM Pacific Time: : Hi Shane, AirTalk's here! Wondering how to get a brand-new smartphone at no cost? It's real-start your application today! airtalk.co/mNLPcD Text STOP to opt out. Labels: Text, Inbox, Unread User Deleted: False

Oct 30, 2024, 5:13:25 AM Pacific Time: : Hey Shane, it's AirTalk. Your exclusive chance to get an iPhone SE 2 is here! It's great for you or your kids. Claim yours now https://airtalk.co/q70gEQ Reply STOP to end Labels: Text, Inbox, Unread User Deleted: False

Nov 2, 2024, 7:25:07 AM Pacific Time: : Hi Shane, AirTalk here! Struggling with high phone bills? Lifeline covers your monthly plan and gives you a smartphone at no cost! Apply today https://airtalk.co/vEJc9q Text STOP to opt out. Labels: Text, Inbox User Deleted: False

Nov 26, 2024, 11:32:01 AM Pacific Time: : Hi Shane, it's Black Friday at AirTalk! Claim your iPhone 8 Plus with up to 15GB high-speed data-all at no cost. Hurry, limited stock https://airtalk.co/R38sYe. Text STOP to opt out. Labels: Text, Inbox, Unread User Deleted: False

Nov 29, 2024, 9:47:15 AM Pacific Time: : Hi Shane! AirTalk's Black Friday is here-grab a Galaxy S9 or iPhone 8 Plus at no cost, with shipping included! Limited deals, act fast: https://airtalk.co/AdHgTy. Text STOP to opt out. Labels: Text, Inbox, Unread User Deleted: False

Dec 2, 2024, 10:02:37 AM Pacific Time: : Hi Shane! AirTalk's Cyber Monday is here-grab a Galaxy S9 or iPhone 8 Plus at no cost, with shipping included! Limited deals, act fast: https://airtalk.co/AdHgTy. Text STOP to opt out. Labels: Text, Inbox, Unread User Deleted: False

Dec 10, 2024, 10:01:32 AM Pacific Time: : Hi Shane! AirTalk's Holiday Deals are here, featuring top-brand smartphones and up to 15GB of high-speed data. Act now and pick your favorite https://airtalk.co/DCwMIh Text STOP to opt out. Labels: Text, Inbox User Deleted: False

17. Defendant called Plaintiff's cellular telephone number (661) XXX-0212 thirty-one or more days after Plaintiff registered it with the DNC Registry.

18. The calls were intended for someone other than, and unknown to, Plaintiff.

19. The purpose of the calls was to advertise and market Defendant's business or services.

20. Plaintiff did not give Defendant prior express consent or permission to contact telephone number (661) XXX-0212.

21. Plaintiff did not request information or promotional materials from Defendant.

22. Plaintiff suffered actual harm as a result of the subject calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

23. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (661) XXX-0212 was registered with the DNC Registry.

## CLASS ALLEGATIONS

24. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

25. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

26. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

27. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

28. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

29. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

    a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

  b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

  c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members, such that joinder of all members is impracticable.

32. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

  a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

  b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

  c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

   d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

33. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

34. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

35. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

36. These violations were willful or knowing.

37. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

38. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the classes as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the classes pursuant to 47 U.S.C. § 227(c)(5);

E. Attorneys' fees and costs, as permitted by law; and

F. Such other or further relief as the Court deems just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: October 14, 2025

PLAINTIFF, on behalf of himself and others similarly situated,

/s/ *Dana J. Oliver*
Dana J. Oliver, Esq. (SBN: 291082)
Oliver Law Center, Inc.

*Local Counsel for Plaintiff and the proposed Class*

/s/Andrew Roman Perrong
Andrew Roman Perrong, PA Bar 333687
*(Pending PHV)*
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529

*Lead Attorney for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT
-10-